# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| TOM SUXSTORF, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>CLIENT SERVICES, INC.,<br><br>    Defendant. | Case No.: 17-cv-43<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Tom Suxstorf is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant Client Services, Inc. ("Client Services") is a debt collection agency with its principal offices located at 3451 Harry S Truman Blvd., St. Charles , MO 63301.

6. Client Services is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Client Services is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Client Services is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about October 24, 2016, Client Services mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Synchrony Bank Sam's Club® Personal Credit" ("Synchrony"). A copy of this letter is attached to this Complaint as Exhibit A.

9. Upon information and belief, the alleged debt referenced in Exhibit A is an alleged credit card account, used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Client Services to attempt to collect alleged debts.

12. Exhibit A contains the following statement:

BALANCE DUE: $2,402.01

13. Exhibit A also contains a settlement offer that references the balance due in a confusing way to the unsophisticated consumer.

14. Exhibit A contains the following settlement offer:

In an effort to resolve the above-referenced account, we are authorized to discuss payment options. We have many payment options that may meet your individual needs, including breaking the balance into 3 monthly payments, 6 monthly payments, or 12 monthly payments.

15. Exhibit A also states:

2

I look forward to working with you to resolve this balance.

16.     The representation in <u>Exhibit A</u> that the payment option will "resolve" the account is false, misleading and confusing to the unsophisticated consumer.

17.     The alleged debt is a credit card account. Upon information and belief, the debt will accrue interest, likely at a default or penalty rate between 20 and 30 percent or possibly more, between the date listed on <u>Exhibit A</u> and the date Plaintiff would make a payment on the alleged debt.

18.     Synchrony may also assess late fees on the account.

19.     It is unclear if the "Balance Due" listed on <u>Exhibit A</u> is the number that will be broken into "3 monthly payments, 6 monthly payments, or 12 monthly payments" to "resolve" the account, or whether the "Balance Due" will change over the course of 3, 6, or 12 months due to the accrual of interest and late fees, consequently making the settlement payments increase over the course of time.

20.     The unsophisticated consumer understands that interest and fees are routinely added to delinquent (allegedly) credit card accounts, and would be confused as to whether the payment option is meant to incorporate interest and fees into it, or not.

21.     <u>Exhibit A</u> fails to state the terms of the payment option in a non-confusing manner.

22.     The unsophisticated consumer could not determine from <u>Exhibit A</u>, if the settlement offer is for an amount set as of the date of <u>Exhibit A</u>, or a increasing amount over the course of the 3, 6, or 12 month payment schedule.

23.     The normal meaning of "settling" a debt means that the debt is permanently resolved in exchange for a payment of a portion of the balance.

3

24. The unsophisticated consumer could send checks equally breaking up the balance listed on Exhibit A into 3, 6, or 12 portions and would not know whether he had sent enough money to actually settle the account, due to the possibility that Client Services, on a whim, added interest or other charges to the settlement amount.

25. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt. A payment of the entire debt would leave pennies or, at most, a few dollars left over for payment later. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). But the payment specified in Exhibit A may be insufficient to settle the whole debt, plus undisclosed interest and fees. Due to the continuing accrual of interest on the alleged credit card debt, it is possible that Client Services and Synchrony could continue to collect the entire remaining balance of the alleged debt and additional accrued interest, as a settlement agreement has not actually been consummated.

26. Plaintiff was confused by Exhibit A.

27. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

28. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

29. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane*

4

*v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

30. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

31. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of— the character, amount, or legal status of any debt.

5

33. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

34. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

<u>**COUNT I – FDCPA**</u>

35. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

36. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37. The payment option in <u>Exhibit A</u> is confusing. Either the settlement offer is for a set, pre-determined amount which breaks up the listed "balance due" into set, equal portions or it is subject to other charges, including contractual interest.

38. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10) and 1692f.

<u>**CLASS ALLEGATIONS**</u>

39. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent collection letters in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between January 10, 2016 and January 10, 2017, inclusive, (f) that was not returned by the postal service.

40. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

41. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

6

42. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

43. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

44. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

45. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 10, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com

7